IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 22, 2024

**STATE OF TENNESSEE v. AMY UPTON**

**Appeal from the Criminal Court for Union County**
**No. 6031    Zachary R. Walden, Judge**

_____

**No. E2024-00416-CCA-R3-CD**

_____

The Defendant, Amy Upton, pleaded guilty to four counts of drug-related offenses after the trial court denied her motion to dismiss the charges or, alternatively, to suppress evidence seized on the day of her arrest. The motion pertained to the circumstances of her arrest, which occurred in Claiborne County but was effectuated by Union County deputies. As part of her plea agreement, she sought to reserve a certified question of law challenging the trial court's decision to deny the motion. Following our review, we conclude that the certified question does not clearly identify the scope and limits of the legal issue reserved as required by Tennessee Rule of Criminal Procedure 37(b)(2)(A). Accordingly, we are without jurisdiction to consider the question. The appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

KYLE A. HIXSON, J., delivered the opinion of the court, in which JILL BARTEE AYERS and TOM GREENHOLTZ, JJ., joined.

Patrick L. Dunn, Knoxville, Tennessee, for the appellant, Amy Upton.

Jonathan Skrmetti, Attorney General and Reporter; Abigail H. Rinard, Assistant Attorney General; Jared Effler, District Attorney General; and Rondeau Laffitte, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I.    FACTUAL AND PROCEDURAL HISTORY

On January 23, 2023, Union County deputies noticed the Defendant driving her car erratically on Sharps Chapel Road, near the boundary line between Union and Claiborne

Counties.  When the deputies eventually stopped the Defendant after she crossed over into Claiborne County, they discovered a number of controlled substances in her vehicle.  The Defendant was arrested, and a Union County grand jury later returned an indictment, charging the Defendant with possession with intent to sell and deliver psilocybin (alternate counts 1 and 2); possession with intent to sell and deliver methamphetamine (alternate counts 3 and 4); possession with intent to sell and deliver Suboxone (alternate counts 5 and 6); possession of drug paraphernalia (count 7); and failure to maintain one's lane of travel (count 8).  *See* Tenn. Code Ann. §§ 39-17-417, -425, -434; 55-8-123.

The Defendant filed a motion to dismiss the charges or, in the alternative, to suppress "evidence seized from the search of the Defendant and/or her vehicle and its contents on the day of her arrest[.]"  In a memorandum of law supporting her motion, the Defendant argued that six grounds entitled her to relief:

1. There is a genuine question of whether Union County Criminal Court is the proper venue for this action, as the pursuit of the Defendant, her first traffic stop, and her second traffic stop all occurred without dispute in Claiborne County.

2. The stop by deputies of the Union County Sheriff's Department occurring outside of Union County, Tennessee[,] is contrary to statute and the holdings of Tennessee courts regarding extra jurisdictional stops and detentions by law enforcement; although such stops have been deemed proper by Tennessee courts previously, the circumstances in the case at bar are materially different with those cases, most significantly but not exclusively the notification and involvement of law enforcement from the county in which the arrest was made.

3. If the "saving" statute of arrest by a private person is considered justification for the actions of the arresting officers in this case, the arrest was not properly conducted according to applicable statute [*sic*]; the Defendant was not arrested upon her seizure at the first traffic stop on the northbound shoulder of Route 33 in Claiborne County; she was not immediately informed of the reason for her arrest; she was not immediately taken before a magistrate or police officer (in either Claiborne or Union County) but unnecessarily detained for a period of, at least, something over an hour at the scene of the second, improper detention at Cedar Grove Market/Brogan's BP.

4.      The officers, if acting as private citizens, were not authorized by the "citizen's arrest" statute to search the [D]efendant, search her vehicle, or seize or inventory her vehicle; these are activities that are reserved for law enforcement officers acting under the authority granted to them by the State of Tennessee.

5.      The officers, if considered to have been acting as law enforcement officers, did not take the precautions necessary as prescribed by Tennessee courts to allow the Defendant to make proper arrangements for custody of her vehicle.

6.      Considering the circumstances of the traffic stop, such as its initiation outside of the county after following the Defendant for at least several miles through a stop sign and a left-hand turn onto a busy highway, a first stop also on that busy highway, requesting that the Defendant drive her vehicle to a second location necessitating a second left-hand turn for an indeterminate but apparently not inconsiderable distance, when the officers had reason to believe the Defendant was unable to competently operate the vehicle on what has been described by the officers as a dangerous road without shoulders and at a time when traffic would be expected to be heavy, with a belief that the Defendant was intoxicated (but no field sobriety test performed), the lack of body or dash camera footage of any of the events or circumstances of the observation, hailing, first stop, second stop, arrest, search or inventory of the vehicle, lead the Defendant to conten[d] that [] her stop and arrest, and the seizure and inventory/search of her vehicle was not only []pretextual but showing extreme bad faith, and in violation of the rights guaranteed to her by the United States and Tennessee Constitutions.

A hearing on the Defendant's motion was held on July 17, 2023.  Deputy Derrick Rice of the Union County Sheriff's Department ("UCSD") testified that he was riding with UCSD Detective Daniel Runions[1] on January 23, 2023, between 3:00 and 4:00 p.m.  They were driving on Sharps Chapel Road in Union County when they saw a black Jeep on the road ahead of them.  Later, the officers would identify the Defendant as the vehicle's driver. Deputy Rice testified that, initially, there were "at least two" cars between the officers and the black Jeep.  Deputy Rice witnessed the Jeep cross the center lines of the road with all four tires "two or three" times.  However, Deputy Rice testified that he did not feel that it would have been safe to conduct a traffic stop on that portion of Sharps Chapel Road due to the nature of the road.

---

[1] Detective Runions was the charging officer, but he did not testify at the motion hearing.

Deputy Rice and Det. Runions followed the Defendant until she turned left off Sharps Chapel Road onto Maynardville Highway, at which point she had crossed into Claiborne County. Once the officers turned onto Maynardville Highway, they activated their emergency lights and initiated a traffic stop. At that point, there were no cars between the officers and the Defendant, and the officers had not lost sight of the Defendant's vehicle since they first saw it on Sharps Chapel Road. Though, at first, the Defendant pulled over to the right side of Maynardville Highway beside a steep hill, the officers did not feel safe there, so they instructed the Defendant to pull up to Cedar Grove Market. Deputy Rice stated that Cedar Grove Market was located on the left side of Maynardville Highway in Claiborne County and was approximately 500 feet away from the initial stop on Maynardville Highway.

After the Defendant stopped at Cedar Grove Market, the officers went to her vehicle and noticed that she had "pinpoint eyes" and was acting nervous. Deputy Rice testified that Det. Runions was going to perform a standard field sobriety test, but the officers first asked the Defendant to step out of her vehicle. When exiting the vehicle, the officers noticed that the Defendant had a glass pipe visible in her right jacket pocket, which Deputy Rice stated was consistent with drug paraphernalia. Det. Runions asked the Defendant if she had any other drugs or contraband, to which the Defendant replied that she had methamphetamine on her person. Det. Runions, upon a pat-down search, located approximately one-half ounce of methamphetamine in the Defendant's pants' pocket. She also had over $900 in cash.

Upon discovering the contraband, the officers arrested the Defendant and arranged for her vehicle to be towed due to the limited amount of parking at the market. Prior to the vehicle's being towed, the officers conducted an inventory search of the vehicle and located a stuffed animal filled with one-and-one-half ounces of methamphetamine and a black box filled with mushrooms and Suboxone strips.

After hearing the proof and arguments, the trial court found that the "moving violation" occurred in Union County and that the officers were ultimately justified in stopping and arresting the Defendant in Claiborne County in their capacities as private citizens. Addressing the Defendant's argument that the officers lacked the authority as private citizens to conduct a search incident to arrest or an inventory search of the Defendant's vehicle, the trial court concluded that a search incident to arrest was necessary "for officer safety" and that "[i]t would be terrible public policy to rule otherwise." The trial court further ruled that the inventory search of the vehicle "stem[med] from" the

- 4 -

officers' authority to search incident to an arrest. The trial court denied the Defendant's motion in all regards.

Subsequently, on March 3, 2024, the Defendant pleaded guilty to counts 1 through 4 and received an agreed-upon sentence of eight years to serve in the Tennessee Department of Correction. Counts 5 through 8 were dismissed pursuant to the agreement. As part of her guilty plea, the Defendant sought to reserve a certified question of law pursuant to Tennessee Rule of Criminal Procedure 37(b)(2)(A). In a petition for reservation of a certified question of law, defense counsel, the State, and the trial court signed "in agreement with the reservation of this certified question of law and agree[d] that it would be dispositive of the case." The judgment forms for counts 1 through 4, as well as the petition, contained the following question:

> Was the 8th Judicial District Criminal Court sitting at Maynardville, Union County, Tennessee, in error in determining that the Deputies of the Union County Sher[if]f's Department had jurisdiction in the January 23, 2023 arrest of the Defendant, Amy Upton, after reviewing evidence and arguments in the motion hearing before that Court on July 17, 2023?

The judgment forms further indicated, "[T]he defense, the state's attorney, and the court agree that this question is dispositive of this matter before the Court."

The Defendant filed a timely notice of appeal.

## II.     ANALYSIS

On appeal, the Defendant challenges the trial court's denial of her motion to dismiss or suppress, seeking our review of the certified question memorialized on the judgment forms. The State argues that the Defendant has failed to strictly comply with the requirements of Tennessee Rule of Criminal Procedure 37 and that her appeal should be dismissed. As to this point, the State contends that the Defendant's certified question is overbroad and does not clearly identify the scope and limits of the legal issue reserved because it fails to precisely identify the reasons relied upon to support her motion to dismiss or suppress. Alternatively, the State contends that the trial court properly denied the Defendant's motion. For the following reasons, we conclude that we are without jurisdiction to review the certified question and therefore dismiss this appeal.

In relevant part, Rule 3 grants a right of appeal to defendants who plead guilty so long as they "explicitly reserved the right to appeal a certified question of law dispositive

- 5 -

of the case pursuant to and in compliance with the requirements of Rule 37(b)(2)(A) or (D) of the Tennessee Rules of Criminal Procedure[.]" Tenn. R. App. P. 3(b). Our supreme court first set forth the prerequisites for certifying a question of law in *State v. Preston*, 759 S.W.2d 647, 650 (Tenn. 1988). In 2002, our legislature amended Rule 37 to expressly adopt the *Preston* requirements. The current version of Rule 37(b) states that a criminal defendant may plead guilty and appeal a certified question of law when the defendant has entered into a plea agreement under Rule 11(c) of the Rules of Criminal Procedure and has "explicitly reserved—with the consent of the [S]tate and of the court—the right to appeal a certified question of law that is dispositive of the case[.]" Rule 37 further imposes the following technical requirements that a defendant must follow in order to properly reserve a certified question:

> (i) the judgment of conviction or order reserving the certified question that is filed before the notice of appeal is filed contains a statement of the certified question of law that the defendant reserved for appellate review;

> (ii) the question of law as stated in the judgment or order reserving the certified question identifies clearly the scope and limits of the legal issue reserved;

> (iii) the judgment or order reserving the certified question reflects that the certified question was expressly reserved with the consent of the [S]tate and the trial court; and

> (iv) the judgment or order reserving the certified question reflects that the defendant, the [S]tate, and the trial court are of the opinion that the certified question is dispositive of the case[.]

Tenn. R. Crim. P. 37(b)(2)(A).

Because these procedural requirements are "explicit and unambiguous," they must be strictly followed. *State v. Armstrong*, 126 S.W.3d 908, 912 (Tenn. 2003) (quoting *State v. Irwin*, 962 S.W.2d 477, 479 (Tenn. 1998); *State v. Pendergrass*, 937 S.W.2d 834, 838 (Tenn. 1996)). In *Preston*, our supreme court emphasized that the burden is on the defendant to ensure that the conditions for properly preserving a question of law pursuant to Rule 37(b)(2)(A) have been met:

> [T]he question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. For example, where questions of law

involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by [the] defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. . . . No issue beyond the scope of the certified question will be considered.

759 S.W.2d at 650. Failure to properly reserve a certified question of law will result in the dismissal of the appeal for lack of jurisdiction. *See Pendergrass*, 937 S.W.2d at 838; *see also State v. Walton*, 41 S.W.3d 75, 96 (Tenn. 2001).

Here, the Defendant's certified question asks only whether the trial court erred in determining that the "Deputies of the Union County Sher[if]f's Department had jurisdiction in the . . . arrest of the Defendant[.]" From a reading of the certified question, this court should be able to precisely discern the scope and limits of the legal issue reserved, the reasons relied upon by the Defendant in the trial court, and the trial court's reasoning for denying the motion. *See State v. Van Garrett*, No. E2018-02228-CCA-R3-CD, 2020 WL 1181805, at *3 (Tenn. Crim. App. Mar. 11, 2020). No additional analysis of the appellate record (including hearing transcripts, exhibits, briefs, and pleadings) should be required to ascertain such information. *Id.*; *see also State v. Potts*, No. M2020-01489-CCA-R3-CD, 2021 WL 4714716, *5 (Tenn. Crim. App. Oct. 11, 2021) (concluding that a certified question does not comply with *Preston* if it requires the appellate court "to 'comb the record' to discern" the reasons advanced by the defendant and trial court (quoting *Van Garrett*, 2020 WL 1181805, at *3)).

We conclude that the scope and limits of the legal issue as reserved by the Defendant are not discernable from the certified question without further analysis of the record. The Defendant's certified question as reserved in the judgment forms, at best, merely hints at the issue of the officers' jurisdiction to stop and arrest the Defendant in Claiborne County despite the vast realm of legal issues relating to the officers' jurisdiction to arrest generally. We cannot ascertain from that question alone what the scope and legal limits of the issue before us would be. *See, e.g.*, *Potts*, 2021 WL 4714716, at *5 (noting that the court would have to look outside the question to identify the scope and legal limits of the question and declining to "conduct a thorough analysis of [F]ourth [A]mendment search and seizure law and a comprehensive review of the suppression hearing").

Moreover, we stress that a defendant's certified issue must identify, among other things, (1) "the reasons relied upon by defendant in the trial court" to advance the motion;

and (2) the reasons "passed upon by the trial judge" in denying the motion. *Preston*, 759 S.W.2d at 650. In her motion, the Defendant posited at least six grounds for dismissal or suppression. Yet, noticeably lacking from the certified question is the Defendant's relied-upon reasoning relevant to the issues raised in the motion to dismiss or suppress. *See, e.g.*, *State v. Elliott*, No. M2022-00789-CCA-R3-CD, 2023 WL 2727587, at *7 (Tenn. Crim. App. Mar. 31, 2023) (dismissing a portion of the appeal where the certified question did not identify the defendant's reasons relied upon in advancing his motion to dismiss), *perm. app. denied* (Tenn. June 28, 2023); *State v. Rickman*, No. W2019-00778-CCA-R3-CD, 2020 WL 1894693, at *2-3 (Tenn. Crim. App. Apr. 16, 2020) (dismissing for lack of jurisdiction where the certified question "[did] not clearly state the reasoning that the [d]efendant employed during the suppression hearing, nor [did] the question state the reasoning the trial court employed in denying the [d]efendant's motion to suppress"). In addition, the Defendant's certified question does not include the trial court's reasoning for denying her motion. *See State v. Cates*, No. E2022-01667-CCA-R3-CD, 2023 WL 5213937, at *4 (Tenn. Crim. App. Aug. 15, 2023) (citing *Elliott*, 2023 WL 2727587, at *8), *perm. app. denied* (Tenn. Feb. 13, 2024).

The certified question here does not meet the threshold requirement for this court to consider a certified question under Tennessee Rule of Criminal Procedure 37(b)(2)(A). Therefore, the question was not properly reserved.

### III. CONCLUSION

Based on the foregoing, we are without jurisdiction to review the Defendant's certified question. This appeal is dismissed.

_____
KYLE A. HIXSON, JUDGE